# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-11-00596-CV
---

**The University of Texas System, Appellant**

**v.**

**Gloria G. Ochoa, Appellee**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GN-06-003394, HONORABLE TIM SULAK, JUDGE PRESIDING**
---

## O P I N I O N

Gloria Ochoa was injured while working for her employer the University of Texas System (the "University"). After sustaining the injury, Ochoa sought disability benefits and initiated an administrative review of her claim. At the conclusion of the administrative proceeding, the hearing officer concluded that Ochoa was disabled, and the University sought judicial review of the administrative determination. Some time after filing suit, the University filed a notice of non-suit in the case. In response, Ochoa filed a motion seeking recovery for attorney's fees that she had incurred. Subsequent to Ochoa filing her motion, the University filed a plea to the jurisdiction contending that Ochoa's attorney's fees claims were barred by sovereign immunity. After conducting a hearing, the district court denied the University's plea. The University appeals the district court's ruling. We will reverse the district court's ruling and render judgment dismissing Ochoa's claims for want of subject-matter jurisdiction.

## BACKGROUND

This case stems from an injury that Ochoa sustained while working for the University, which is a self-insured state institution. *See Harry v. University of Tex. Sys.*, 878 S.W.2d 342, 343 (Tex. App.—El Paso 1994, no writ). Subsequent to sustaining the injury, Ochoa made a claim for disability and initiated an administrative proceeding before the Texas Department of Insurance, Division of Workers' Compensation. After a preliminary determination was made, a contested-case proceeding was scheduled. *See* Tex. Lab. Code Ann. § 410.151 (West 2006) (authorizing contested-case hearing regarding initial determination). At the end of the contested-case proceeding, the hearing officer concluded that Ochoa was disabled for approximately eight months due to the injury that she sustained. The University appealed the decision of the hearing examiner, *see id.* § 410.202 (West 2006) (permitting appeal of determination to appeals panel), but the appeals panel did not issue a decision. Accordingly, the decision of the hearing officer became final and became the decision of the appeals panel. *See id.* § 410.204(c) (West Supp. 2012).

After the hearing officer's decision became final, the University sought judicial review of the decision. *See id.* § 410.251 (West 2006). In response, Ochoa filed an answer as well as a counterclaim for attorney's fees. *See id.* § 408.221(c) (West 2006) (specifying circumstances in which claimant may be awarded attorney's fees). Subsequent to Ochoa filing her response, the University filed a notice of non-suit "on all its pending claims against" Ochoa. After the University filed its notice, Ochoa filed a motion seeking the recovery of attorney's fees.

In response to Ochoa's motion, the University filed a plea to the jurisdiction asserting that the legislature "has not waived immunity from liability for attorneys' fees resulting from a suit

2

brought under the Texas Workers' Compensation Act." Accordingly, the University argued that because it is a government agency, Ochoa's claim for attorney's fees are barred by sovereign immunity. After the University filed its plea, the district court scheduled a hearing and ultimately denied the plea.

The University appeals the denial of its plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b) (West Supp. 2012) (authorizing interlocutory appeal of grant or denial of plea to jurisdiction filed by governmental unit).

## STANDARD OF REVIEW

A party to a suit may challenge a trial court's jurisdiction to consider the case by filing a plea to the jurisdiction. *Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007). A determination regarding whether a court has subject-matter jurisdiction is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In a plea, a party may properly assert that a suit is barred by sovereign immunity. *Id.* at 225-26. On appeal, we review de novo the trial court's grant or denial of the plea. *Ferrell*, 248 S.W.3d at 156.

## DISCUSSION

In this appeal, the University urges that the district court erred when it denied its plea to the jurisdiction. Specifically, the University contends that it is an agency of the State, *see* Tex. Lab. Code Ann. § 412.001(4) (West 2006) (defining state agency, in part, as "a board, commission, department, office, or other agency in the executive, judicial, or legislative branch"); Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3) (West Supp. 2012) (explaining that governmental unit includes

3

"agencies of government that collectively constitute the government of this state"), and is therefore "entitled to sovereign immunity, unless immunity is waived by" clear and unambiguous language from the legislature, *see* Tex. Gov't Code Ann. § 311.034 (West Supp. 2012) (directing that statute not be viewed as waiver of immunity "unless waiver is effected by clear and unambiguous language"); *see also Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003) (stating that "[i]n addition to protecting the State from liability," sovereign immunity "also protects the various divisions of state government, including . . . universities"). Further, the University argues that none of the governing statutes at issue in this case contain language that clearly and unambiguously waives immunity for claims for attorney's fees stemming from a workers' compensation suit and therefore insists that Ochoa's claims are barred by sovereign immunity. Ochoa, on the other hand, contends that the governing statutes have waived sovereign immunity but also argues that sovereign immunity does not apply in this context because the University initiated the suit.

As support for its assertion, the University points to section 408.221 of the labor code, which governs the award of attorney's fees in workers' compensation cases. *See* Tex. Lab. Code Ann. § 408.221 (West 2006). In particular, subsection 408.221(c) applies in situations in which an insurance carrier has sought judicial review of a determination by an appeals panel and provides, in relevant part, that the insurance carrier "is liable for reasonable and necessary attorney's fees . . . incurred by a claimant as a result of the insurance carrier's appeal if the claimant prevails on an issue on which judicial review is sought by the insurance carrier." *Id.* § 408.221(c); *see also id.* § 401.011(27) (West Supp. 2012) (defining insurance carrier as including "a governmental entity

4

that self-insures"). Although the University acknowledges that this provision authorizes attorney's fees, it contends that nothing in this provision clearly and unambiguously waives immunity for attorney's fees claims against agencies of the State.

In addition, the University points to chapter 503 of the labor code, which governs workers' compensation insurance coverage for employees of the University. *See id.* § 503.002 (West 2006). Specifically, the University refers to section 503.002, which incorporates various labor code provisions and sets out limitations on workers' compensation claims involving the University. *Id.* In particular, section 503.002 directly incorporates the provisions of chapter 408 of the labor code, including the attorney's fees provision in section 408.221, "except to the extent that they are inconsistent with" the provisions governing claims for employees of the University. *Id.* § 503.002(a). Moreover, section 503.002 also clarifies that nothing in the governing workers' compensation provisions "authorizes a cause of action or damages against the system or any institution or employee of the system or institution beyond the actions and damages authorized by" the tort claims act. *Id.* § 503.002(c). After discussing chapter 503, the University notes that nothing in the tort claims act authorizes an award of attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 2011 & Supp. 2012). Accordingly, the University urges that construing the relevant provisions as authorizing claims for attorney's fees is inconsistent with chapter 503 because that construction would authorize "a cause of action beyond those authorized by the Tort Claims Act."

Prior to oral argument in this case, the supreme court released an opinion that dealt with a similar issue. *See Manbeck v. Austin Indep. Sch. Dist.*, 381 S.W.3d 528, _, No. 11-0429, 2012 Tex. LEXIS 747 (Tex. Aug. 31, 2012) (per curiam). In that case, Manbeck injured himself while

5

he was working for the Austin Independent School District (the "District"), which was a self-insured governmental entity. *Id.* at *1. Manbeck made a disability claim, and the case went through administrative review. *Id.* at *2. After the appeals panel determined that Manbeck was disabled, the District sought judicial review, and Manbeck filed a counterclaim for attorney's fees under section 408.221 of the labor code. *Id.* Subsequent to Manbeck filing his counterclaim, the District filed a notice of non-suit, and Manbeck's counterclaim for attorney's fees proceeded to trial. *Id.* At the end of the trial, Manbeck was awarded thousands of dollars in attorney's fees. *Id.* at *2-3. On appeal to the supreme court, the District asserted that the award of attorney's fees was barred by governmental immunity. *Id.* at *3; *see also Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) (explaining that political subdivisions of State, including cities, are entitled to immunity similar to sovereign immunity that is called governmental immunity). Ultimately, the supreme court determined that the District was "immune from Manbeck's claim for attorney's fees." *Manbeck*, 2012 Tex. LEXIS 747, at *4.

Although *Manbeck* concerned governmental immunity for a school district rather than sovereign immunity for a governmental entity, the provisions of the labor code governing disability claims for employees of political subdivisions at issue in *Manbeck* contain language that is nearly identical to the language in the statutes at issue in this case. For example, like section 503.002 of the labor code, section 504.002 directly incorporates the provisions of chapter 408 of the labor code, including section 408.221, "except to the extent that they are inconsistent with" the provisions governing claims for employees of political subdivisions. *See* Tex. Lab. Code Ann. § 504.002(a) (West 2006). In addition, as with section 503.002, section 504.002 also states that nothing in the

6

statutes covering compensation claims for employees of political subdivisions "authorizes a cause of action or damages against a political subdivision or an employee of a political subdivision beyond the actions and damages authorized by" the tort claims act. *Id.* § 504.002(c) (West 2006). Another statute at issue in *Manbeck* provides that "[n]othing in this chapter waives sovereign immunity or creates a new cause of action." *Id.* § 504.053(e) (West 2006).

In determining that Manbeck's attorney's fees claim was barred, the supreme court explained that "the inclusion of Chapter 408—the chapter containing the attorney fee provision—in the [governing labor code provisions] is not sufficient by itself to waive governmental immunity." *Manbeck*, 2012 Tex. LEXIS 747, at *7-8. In addition, the court noted that under the governing labor code provisions, the remedies available to a claimant "are limited to those available under the Tort Claims Act, which does not provide for an award of attorney's fees." *Id.* at *8; *see also Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 448 (Tex. 1994) (Gonzalez, J., concurring in part and dissenting in part) (explaining that "the Texas Tort Claims Act does not expressly provide for the recovery of fees and costs"). Furthermore, in reaching its conclusion, the court explained that the legislature had amended the relevant portion of the labor code governing workers' compensation insurance coverage for the employees of political subdivisions to state that nothing in the governing statutes waives sovereign immunity. *Manbeck*, 2012 Tex. LEXIS 747, at *9.

When challenging the District's assertion of immunity, Manbeck argued that the District could not "avail itself of governmental immunity" because the District initiated the lawsuit. *Id.* at *11. The supreme court disagreed and explained that the District initiated the "suit as part of the review process under the workers' compensation regime, but it never sought affirmative relief."

*Id.* Further, the court reasoned that rather than bring an affirmative claim for money damages "against which Manbeck's claims could be offset," the district "merely availed itself of its statutory right to challenge Manbeck's award of monetary relief by pursuing an appeal of the administrative decision to district court." *Id.* at *12; *see also Reata Constr. Corp.*, 197 S.W.3d at 378 (holding that when governmental entity asserts affirmative claim for monetary damages against party, entity "does not have immunity from [party's] claims germane to, connected to, and properly defensive to claims asserted by [the entity], to the extent any recovery on those claims will offset any recovery by" entity). Accordingly, the supreme court held that the District's decision to file the suit "did not result in a loss of [its] governmental immunity from Manbeck's claim for attorney fees." *Manbeck*, 2012 Tex. LEXIS 747, at *12.[1]

In light of the fact that the language contained in the labor code provisions governing workers' compensation coverage for employees of the University is nearly identical to the language in the provisions covering employees of political subdivisions and in light of the supreme court's determination in *Manbeck* that political subdivisions are immune from suits for attorney's fees in workers' compensation cases, we must conclude that Ochoa's claims for attorney's fees against the University are barred by sovereign immunity. Although the statutes at issue in *Manbeck* contained

---

[1] In her brief, Ochoa asked this Court to determine that the University's appeal is frivolous and that the University waived its right to assert sovereign immunity because it did not present the issue until after it non-suited its claims. During oral argument, Ochoa withdrew her frivolousness assertion in light of the supreme court's decision in *Manbeck v. Austin Indep. Sch. Dist.*, No. 11-0429, 2012 Tex. LEXIS 747 (Tex. Aug. 31, 2012) (per curiam). Moreover, the supreme court has stated that subject-matter jurisdiction can be raised at any time, *Carroll v. Carroll*, 304 S.W.3d 366, 367 (Tex. 2010), and recently clarified that sovereign immunity may be addressed even if it was raised for the first time in an interlocutory appeal, *see Rusk State Hosp. v. Black*, No. 10-0548, 2012 Tex. LEXIS 731, at *15-16 (Tex. Aug. 31, 2012).

8

the additional language that "[n]othing in this chapter waives sovereign immunity or creates a new cause of action," Tex. Lab. Code Ann § 504.053(e), the supreme court explained that Manbeck's claim for attorney's fees would have been barred even in the absence of the provision expressly stating that sovereign immunity is not waived, *Manbeck*, 2012 Tex. LEXIS 747, at *8-9. Moreover, in light of the supreme court's determination in *Manbeck* that the District's decision to seek judicial review of a workers' compensation determination "did not result in a loss of [its] governmental immunity" against a claim for attorney's fees, *id.* *12, we must also conclude that the University's election to initiate this suit had no effect on its immunity from claims for attorney's fees.

For these reasons, we sustain the University's issue on appeal.

## CONCLUSION

Having sustained the University's sole issue on appeal, we reverse the district court's order denying the University's plea to the jurisdiction and render judgment dismissing Ochoa's attorney's fees claims for lack of subject-matter jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Henson

Reversed & Rendered

Filed: December 21, 2012

9