# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00084-CV

**State Office of Risk Management, Appellant**

**v.**

**Linda L. Ribble, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-GN-07-003484, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State Office of Risk Management (SORM) appeals the trial court's order denying its motion for judgment notwithstanding the verdict (JNOV) in a worker's compensation judicial review. SORM also challenges the trial court's denial of its plea to the jurisdiction in response to a counterclaim for attorney's fees. We will affirm the trial court's ruling denying the motion for JNOV. We will reverse the trial court's ruling denying SORM's plea to the jurisdiction in response to Ribble's counterclaim and render judgment dismissing Ribble's attorney's fee claims for want of subject-matter jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

Linda Ribble alleges that she developed carpal tunnel syndrome (CTS) due to repetitive computer use while working at the Texas Commission on Environmental Quality (TCEQ). After allegedly experiencing severe pain and numbness in her hands and arms, Ribble sought care

from a physician. She was diagnosed with CTS and underwent surgery for her condition. Ribble sought workers' compensation insurance coverage.

SORM, the state agency tasked with administering workers' compensation insurance on behalf of other state entities, *see* Tex. Lab. Code § 412.011, challenged Ribble's claims in a contested administrative hearing before the Division of Workers' Compensation (DWC). *See id*. §§ 410.151-.169. The hearing officer received evidence and determined that Ribble had suffered a compensable injury, that the date of injury was December 11, 2006, and that SORM was liable. A DWC appeals panel affirmed the hearing officer's findings. *See id*. § 410.204(c). SORM sought judicial review in the trial court to challenge those findings, arguing that Ribble failed to (1) timely notify her employer about her injury and (2) establish causation through expert medical opinion testimony. Ribble filed a counterclaim for attorney's fees.

Before trial, SORM filed a plea to the jurisdiction in response to Ribble's counterclaim, arguing that sovereign immunity barred liability for Ribble's attorney's fees. The trial court denied SORM's plea, and the case proceeded to trial. A jury found that Ribble did sustain a compensable repetitive trauma injury and that December 11, 2006 was the date of injury. SORM moved for JNOV, arguing that Ribble had not met her burden because she failed to present expert medical evidence that established causation. SORM also re-urged its plea to the jurisdiction. The trial court denied both motions.

SORM now appeals, arguing that (1) the evidence upon which the jury relied is legally and factually insufficient because SORM conclusively established that Ribble failed to timely notify her supervisor of her injury and that there was no causal connection between Ribble's work

activities and her injury and (2) liability for Ribble's attorney's fee counterclaim is barred by sovereign immunity, which was not clearly and unambiguously waived by statute.

## DISCUSSION

### *Legal and Factual Sufficiency*

SORM contends that the evidence presented during trial is legally insufficient to support the jury's verdict, arguing that Ribble presented no evidence, or alternatively, insufficient evidence to establish that her injuries were caused by her work at TCEQ. SORM also claims that it conclusively established that Ribble did not timely notify her supervisor of her injury. In the alternative, SORM argues that the court's judgment is not supported by factually sufficient evidence.

For legal sufficiency challenges we must review the evidence presented in the light most favorable to the jury's verdict, giving credit to evidence favorable to the prevailing party if a reasonable juror could, and disregarding contrary evidence unless a reasonable juror could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Ultimately, the test is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id.* If there is no evidence, we examine the record to determine if "the contrary proposition is established as a matter of law." *Waldrep v. Texas Emp'rs Ins. Ass'n*, 21 S.W.3d 692, 697 (Tex. App.—Austin 2000, pet. denied). In reviewing factual sufficiency challenges, we must consider and weigh all evidence presented and set aside a jury's verdict only if it is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

SORM argues that the jury's verdict cannot survive a sufficiency challenge because Ribble failed to provide expert medical testimony. The Labor Code provides that the party seeking judicial review of an appeals panel decision in workers' compensation cases "has the burden of proof

3

by a preponderance of the evidence." *See* Tex. Lab. Code § 410.303. SORM admits that it did have the initial burden of proof, but because it was establishing "negative causation," or the lack of a causal connection between the work activities and injury, SORM contends that the burden shifted back to Ribble to present expert testimony to contradict the testimony of SORM's expert witness and establish a positive causal connection. SORM argues that juries are bound by the unchallenged opinion of an expert witness when that witness possesses knowledge about a subject which a layperson does not, such as the cause, diagnosis, and treatment of disease. Thus, without contradictory expert testimony, SORM argues that its expert witness conclusively established the lack of causation.

We disagree. Under a sufficiency analysis, SORM's expert testimony must be examined in the context of asking whether a reasonable juror could have disregarded it or reached a contrary result, or whether a reasonable juror could have believed the evidence favorable to Ribble—medical records, witnesses, and the findings of the DWC commissioners—over SORM's hired expert. Neither this analysis nor the Labor Code requires Ribble to present expert medical evidence to establish causation. Only SORM, as the party that sought judicial review of the appeals panel decision, bears the burden to prove causation, or a lack thereof.[1]

SORM presented expert testimony at trial from Dr. Steiner, a neurologist. Dr. Steiner testified that while he believed that Ribble's doctors correctly diagnosed her CTS, he did not agree that her condition was caused by computer use. Rather, he believed that CTS is a "degenerative

---

[1] Indeed, there are circumstances in which even the party that bears the burden of proof is not required to present expert medical evidence in order to prove causation. *See Jelinek v. Casas*, 328 S.W.3d 526, 533 (Tex. 2010) (noting that in very limited circumstances lay evidence may be used to support a finding of causation).

4

process" caused by a number of factors, including age, body mass index, and other health conditions. Dr. Steiner based his opinion on a review of Ribble's medical records, his own experience and training as a neurologist, and several studies that questioned the causal connection between computer use and CTS.

Ribble cross-examined Dr. Steiner, testified on her own behalf, and presented as witnesses two TCEQ co-workers who testified as to the timing of the onset of her pain. During Dr. Steiner's cross-examination, Ribble suggested that the studies upon which Dr. Steiner based his opinion on the causes of CTS had been refuted by other, more recent studies. Dr. Steiner admitted that he had not reviewed the contradictory studies and could offer no opinion as to their methodologies and conclusions. Ribble also suggested that Dr. Steiner failed to review Ribble's entire record, particularly those portions that documented the frequency of her computer use at work, prior to reaching his conclusions about the cause of her CTS. Dr. Steiner claimed that the revelation of extensive work computer use did not change his opinion about causation. Additionally, Ribble questioned Dr. Steiner about a letter showing that he was advised about how he should testify before he even received Ribble's records to review. Ribble also presented medical records from her doctors that confirmed her condition and concluded that her work activities could have irritated the nerves in her arms, leading to the diagnosis of CTS. Her medical records also noted that the timing of the onset of pain was not clear, but was reported on December 11, 2006. Ribble testified that the timing of an increase in her pain (which caused her to seek medical help) coincided with an increase in the keyboarding she did at work, and that she found some relief from her pain when she stopped using her computer. Ribble placed into evidence medical records confirming her claims.

5

SORM had the burden of proof in challenging the DWC's findings. Dr. Steiner's testimony, which was contradicted by Ribble's medical records, could have been disregarded by reasonable jurors and did not refute causation as a matter of law. The jury was not required to take as completely true the expert's testimony, as it was presented with other evidence that called the testimony into question.

A reasonable juror could have accepted as credible the medical records and testimonial evidence presented by Ribble and questioned the reliability of Dr. Steiner's testimony. A review of the entire record reveals contradictions and inconsistencies in Dr. Steiner's testimony that could support the jury's conclusions about the cause of Ribble's CTS. The evidence, including Ribble's testimony and her medical records, is legally and factually sufficient to support a finding of December 11, 2006 as the date of injury, and thus a timely report was made to her TCEQ supervisor. As such, the evidence presented was legally and factually sufficient to support the jury's verdict. *See City of Keller*, 168 S.W.3d at 827; *Cain*, 709 S.W.2d at 176.

***Attorney's Fees***

SORM argues that as a governmental entity it is protected from liability for attorney's fees by sovereign immunity. A plea to the jurisdiction challenges a court's subject matter jurisdiction and is a question of law. *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Sovereign immunity is properly asserted in a plea to the jurisdiction and serves to defeat a court's subject-matter jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). We review de novo a trial court's treatment of a plea to the jurisdiction. *Id*. at 226.

6

SORM urges that the provisions of the Labor Code that govern workers' compensation suits do not meet the clear and unambiguous standard for waiver of sovereign immunity as set forth by the Texas Supreme Court. Further, SORM asserts that the State Applications Act limits causes of action and damages in workers' compensation suits to those allowed under the Texas Tort Claims Act, which does not authorize claims for attorney's fees against governmental entities. We agree.

Two recent cases guide our decision on this issue. In *Manbeck v. Austin Independent School District*, 381 S.W.3d 528, 529 (Tex. 2012) (per curiam), Manbeck sought workers' compensation coverage from the Austin Independent School District (AISD) following an on-the-job injury. After a hearing officer and administrative review panel found that Manbeck did suffer compensable injuries for which AISD was liable, AISD sought judicial review. *Id*. Manbeck filed a counterclaim seeking attorney's fees, which a jury awarded. *Id*. at 529-30. AISD appealed the decision, arguing for the first time at the supreme court that governmental immunity barred liability for attorney's fees.[2] Manbeck asserted that AISD waived the immunity defense by failing to raise it in the trial court or court of appeals. *Id*. at 530.

The Texas Supreme Court held that the defense of governmental immunity from suit can be raised for the first time on appeal. *Id*. (citing *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 94-95 (Tex. 2012)). Further, the court determined that governmental immunity from liability for attorney's fees had not been clearly and unambiguously waived by the Political Subdivisions Law,

---

[2] AISD initially challenged the attorney's fees award on the grounds that (1) the evidence to support the award was legally and factually insufficient and (2) the applicable statute did not allow for attorney's fees incurred in the pursuit of fees. *See Austin Indep. Sch. Dist. v. Manbeck*, 338 S.W.3d 147, 148-49 (Tex. App.—Austin 2011), *aff'd in part and rev'd in part*, 381 S.W.3d 528 (Tex. 2012).

despite the inclusion of an attorney's fees provision among the adopted provisions of the statute.[3] *Id*. at 530-31; *see* Tex. Lab. Code § 504.002(a)(6) (applying attorney's fees provisions of Workers' Compensation Act to entities subject to Political Subdivisions Law). Finally, the Court held that AISD's initiation of the suit did not preclude it from arguing that liability for attorney's fees was barred by governmental immunity. *Manbeck*, 381 S.W.3d at 532-33 (reasoning that AISD did not waive immunity because it was not seeking affirmative relief, but merely availing itself of right to challenge administrative decision in court).

In *University of Texas System v. Ochoa*, 413 S.W.3d 769, 770 (Tex. App.—Austin 2012, pet. denied) the University of Texas System (University) sought judicial review after a hearing officer found Ochoa disabled. Ochoa moved to recover attorney's fees and the University filed a plea to the jurisdiction, arguing that sovereign immunity barred Ochoa's claim. *Id.* Ochoa countered that the governing statutes waived sovereign immunity, which, in any event, could not be raised because the University initiated the suit. *Id*. at 771. The trial court denied the University's plea. *Id*. at 770. This court reversed the trial court's ruling in *Ochoa* shortly after Ribble filed briefs in this case. We found that although *Manbeck* relied on the Political Subdivisions Law, the supreme court's reasoning in that case was nonetheless applicable to the question of how the provisions of the Labor Code and the Texas Tort Claims Act[4] should impact the question of sovereign immunity in

---

[3] The adopted provisions of the Political Subdivisions Law list those portions of the Workers' Compensation Act that are applicable to certain political subdivisions, including school districts. *See* Tex. Lab. Code §§ 504.001-.002. Political subdivisions are considered "employers" according to the statute. *Id.* § 504.002(b).

[4] *See* Tex. Lab. Code § 503.002(c) ("Neither this chapter nor Subtitle A authorizes a cause of action or damages against the state, a state agency, or an employee of the state beyond the actions and damages authorized by Chapter 101, Civil Practice and Remedies Code."); Tex. Civ.

8

*Ochoa*. *Id*. at 772. We determined that the University's plea to the jurisdiction was not impacted by the fact that it initiated the suit against Ochoa and that sovereign immunity barred Ochoa's claims for attorney's fees. *Id*. at 773-74.

In light of *Manbeck* and *Ochoa*, we find that sovereign immunity deprives this court of jurisdiction to award attorney's fees. The provisions of the Labor Code that apply to the case before us contain liability-limiting language identical to that in *Ochoa*. *See* Tex. Lab. Code § 501.002(c) ("Neither this chapter nor Subtitle A authorizes a cause of action or damages against the state, a state agency, or an employee of the state beyond the actions and damages authorized by Chapter 101, Civil Practice and Remedies Code."). As the University did in *Ochoa*, SORM properly asserted sovereign immunity through a plea to the jurisdiction, and its initiation of the suit against Ribble does not preclude it from arguing that sovereign immunity bars liability. Accordingly, we reverse the trial court's order as it relates to attorney's fees and render judgment dismissing Ribble's counterclaim for attorney's fees for want of subject-matter jurisdiction.

## CONCLUSION

We affirm the trial court's ruling denying the motion for judgment notwithstanding the verdict. We reverse the trial court's ruling denying SORM's plea to the jurisdiction and render judgment dismissing Ribble's counterclaim for attorney's fees for want of subject-matter jurisdiction.

---

Prac. & Rem. Code § 101 (providing no authorization for liability for attorney's fees for governmental entities).

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed in part; Reversed and Rendered in part

Filed:   August 13, 2014