

# NUMBER 13-18-00214-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellant,** |

**v.**

| | |
|---|---|
| **HIDALGO COUNTY IRRIGATION DISTRICT NO. 16,** | **Appellee.** |

**On appeal from the County Court at Law No. 8 of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Perkes**

This dispute concerns a condemnation case brought by appellant, the State of Texas, involving land located in Hidalgo County, Texas. Following the State's amendment to its petition for condemnation, removing appellee Hidalgo County Irrigation District No. 16 (HCID) as a party, the trial court granted HCID's motion for recovery of

attorney's fees and other expenses.   By what we construe as one issue, the State argues on appeal that the trial court erred in awarding attorney's fees to HCID.   We reverse and render.

## I. BACKGROUND

The State, on behalf of the Texas Transportation Commission, sought to acquire 35 acres of land nearby U.S. Highway 83 in Hidalgo County.   On May 23, 2016, the State filed its Petition for Condemnation.   In its petition, the State joined the individuals and entities it believed to be owners or holders of the property:   Rufino Garza, Ana I. Garza, Ramiro J. Flores, Yolanda S. Flores, Lone Star National Bank (Lone Star), Massachusetts Mutual Life Insurance Company (Mutual Life), and HCID.   The State based its attribution of property ownership on information received from a title commitment issued two months earlier.

HCID, along with the other parties,[1] appeared before the special commissioners for a hearing on damages[2] on August 12, 2016.   The special commissioners awarded $8,204,624 in damages to be paid to the individual condemnees, Lone Star, and HCID. The State and HCID filed separate objections to the award on September 2, 2016, requesting a jury trial.   HCID then filed a cross-claim against one of the property owners and an unrelated third-party on September 9, 2016.[3]   HCID ultimately filed a notice of nonsuit of its cross-claim on April 18, 2017.   A discovery control plan and scheduling

---

[1]   Mutual Life filed a disclaimer of interest and was removed as a party to the suit prior to the hearing.

[2]   In Texas, the first stage in a condemnation proceeding, following a petition for condemnation, involves a hearing before three special commissioners appointed by the trial court.   *See* TEX. PROP. CODE ANN. §§ 21.014–.015.   After a hearing, the commissioners make findings and assess an award for condemnation damages.   *Id.* § 21.042.

[3] HCID sought a cause of action against Rufino Garza and Upper Valley Materials, Inc., alleging Garza's mining operation had intruded on its property, causing over $2,000,000 in damages.

2

order was put in place on May 4, 2017.   Soon after, Lone Star was dismissed from the suit, leaving only the individual condemnees and HCID.

On January 2, 2018, the individual condemnees filed a "No Evidence Motion for Summary Judgment" seeking to dismiss HCID from the suit.   In their motion, the individual condemnees alleged HCID was not an owner of the subject property, and HCID had failed to provide evidence to the contrary despite multiple discovery inquiries.   The State then requested another title commitment, which confirmed the individual condemnees' allegations.   The title company concluded that HCID did not own any interest in the subject property.

On January 19, 2018, based on the second title commitment, the State filed an amended petition for condemnation, removing HCID as a party.   Less than a week later, HCID filed a motion for recovery of reasonable and necessary attorney's fees and other expenses.   In its motion, HCID requested $41,268 in attorney's fees, relying on §§ 21.019 and 21.0195 of the Texas Property Code, which dictate that a property owner may recoup attorney's fees and other expenses following a dismissal of a condemnation proceeding.   The State filed a response and plea to the jurisdiction arguing that (1) the trial court lacked jurisdiction over HCID's motion for fees, and (2) fees are not authorized by the property code.

At the March 28, 2018 hearing, HCID argued that the onus was on the State to correctly identify the condemnees in its condemnation suit and asserted that its attorney's fees were incurred as a result of responding to the State's extensive discovery requests. The State conceded that the information provided in the first title commitment had been incorrect and that the State relied on that misinformation in pursuance of its condemnation claim against HCID.   The State, however, reasoned that HCID should have determined

3

the extent of its ownership interest, as Mutual Life and Lone Star did, before incurring all its expenses. The State argued that it retained immunity from liability because the property code statutes that HCID relied upon were inapplicable. HCID could not prevail under the statute because (1) the State did not dismiss the condemnation proceeding, and (2) HCID is not a "property owner." The trial court granted the motion for recovery[4] and awarded HCID $41,268 in attorney's fees. This interlocutory appeal followed.

## II. STANDARD OF REVIEW

Immunity "implicates a court's subject-matter jurisdiction over pending claims." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012). Whether a court has subject matter jurisdiction is a question of law reviewed de novo, and the court must consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). Similarly, statutory construction is a legal question that we review de novo. *Colorado Cty. v. Staff*, 510 S.W.3d 435, 444 (Tex. 2017). "In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the language of the statute," using the "definitions prescribed by the Legislature and any technical or particular meaning the words have acquired." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). The statute's words are otherwise construed "according to their plain and common

---

[4] The trial court did not rule on the State's plea to jurisdiction. On appeal, the State argued its plea to jurisdiction was implicitly denied when the trial court granted HCID's motion requesting attorney's fees; we agree. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(8) (authorizing appeal from interlocutory order granting or denying governmental unit's plea to jurisdiction); *see also City of Hous. v. Estate of Jones*, 388 S.W.3d 663, 665 (Tex. 2012) (per curiam) ("The trial court implicitly denied the City's plea to the jurisdiction by granting partial summary judgment to [the claimant] on the issue of liability and setting the case for trial on the issue of damages."); *City of Willow Park v. E.S. & C.M., Inc.*, 424 S.W.3d 702, 711 (Tex. App.—Fort Worth 2014, pet. denied) (providing that a plea to jurisdiction was a proper vehicle to challenge a request for attorney's fees); *Univ. of Tex. Sys. v. Ochoa,* 413 S.W.3d 769, 773–74 (Tex. App.—Austin 2012, pet. denied) (same).

4

meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results." *Id.* at 625–26 (internal citations omitted).

## III. APPLICABLE LAW AND ANALYSIS

Our legislature has enacted a comprehensive statutory scheme that governs the State's eminent-domain power and provides for assessment of financial repercussions should the condemning authority abandon condemnation proceedings. *See* TEX. PROP. CODE ANN. §§ 21.001–.065; TEX. TRANSP. CODE ANN. § 203.051. Section 21.019 of the Texas Property Code provides:

> (a) A party that files a condemnation petition may move to dismiss the proceedings, and the court shall conduct a hearing on the motion. However, after the special commissioners have made an award, in an effort to obtain a lower award a condemnor may not dismiss the condemnation proceedings merely to institute new proceedings that involve substantially the same condemnation against the same *property owner*.
>
> (b) A court that hears and grants a motion to dismiss a condemnation proceeding made by a condemnor under Subsection (a) shall make an allowance to the *property owner* for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the *property owner* to the date of the hearing.
>
> (c) A court that hears and grants a motion to dismiss a condemnation proceeding made by a *property owner* seeking a judicial denial of the right to condemn or that otherwise renders a judgment denying the right to condemn may make an allowance to the *property owner* for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the *property owner* to the date of the hearing or judgment.

TEX. PROP. CODE ANN. § 21.019 (emphasis added).

Texas Property Code § 21.0195 narrowly applies to dismissal of condemnation proceedings involving the Texas Department of Transportation. *Id.* § 21.0195(a). Like § 21.019, it also provides that "the court shall make an allowance [for] . . . any expenses the *property owner* has incurred in connection with the condemnation, including reasonable and necessary fees for attorneys." *Id.* § 21.0195(c) (emphasis added).

5

These provisions are designed to protect landowners, discourage the commencement and subsequent abandonment of condemnation proceedings, and to compensate the landowner for expenses incurred during a condemnation proceeding that is later abandoned. *FKM P'ship, Ltd. v. Bd. of Regents of the Univ. of Hous. Sys.*, 255 S.W.3d 619, 634 (Tex. 2008); *City of Wharton v. Stavena*, 771 S.W.2d 594, 595–96 (Tex. App.—Corpus Christi–Edinburg 1989, writ denied).

Neither provision requires a formal motion to dismiss or an order granting a motion to dismiss for a landowner to be entitled to fees and expenses related to an abandoned condemnation proceeding. *FKM P'ship,* 255 S.W.3d at 637. In *FKM*, the condemning authority amended its petition to reduce the amount of property it sought to take and argued the landowner was not entitled to statutory attorney's fees because it had dismissed only a portion of the proceedings. *Id.* at 632. The Court was unpersuaded, holding that if an amended petition "functionally abandons the original condemnation claim and asserts a different claim," the amendment may invoke the fee provision without a formal motion to dismiss. *Id.* at 636.

Further, although the words landowner and "property owner" are not defined by the condemnation statutes, the determination of ownership is a conclusion of law based on established facts. *Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 46 n.12 (Tex. 2018); *see* TEX. PROP. CODE ANN. §§ 21.001–.065. "The term 'owner,' as used in condemnation statutes, embraces . . . any other person who has an interest in the property that will be affected by the condemnation." *Hous. N. Shore Ry. Co. v. Tyrrell*, 98 S.W.2d 786, 793 (Tex. 1936).

6

Here, two essential facts are undisputed: (1) the State dismissed its claim against HCID; and (2) HCID does not own the property the State sought to condemn.[5] As consequence, the State argues that HCID, a non-owner, cannot collect attorney's fees under this statute, and therefore, the State's immunity remains intact. HCID argues, however, that the statute should be liberally construed so that it may be compensated. HCID points to multiple legal authorities, all of which stand for the same proposition: landowners must be compensated following dismissal of condemnation proceedings. *See, e.g.*, *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 60 (Tex. 1991); *Urban Wilderness, S.A. v. City of San Antonio*, 924 S.W.2d 410, 412 (Tex. App.—San Antonio 1996, writ denied); *City of Wharton*, 771 S.W.2d at 595–96.

HCID's concession that it does not own the property at issue ends our analysis. "A prevailing party has no inherent right to recover attorney's fees from the non-prevailing party unless there is specific statutory or contractual authority allowing it." *Venture v. UTSW DVA Healthcare, LLP*, No. 16-0006, 2019 WL 1873428, at *11 (Tex. Apr. 26, 2019). And while §§ 21.019 and 21.0195 mandate the authorization of reasonable attorney's fees to landowners following the dismissal of condemnation proceedings, we cannot expand the statute to include payment to entities or individuals without any property ownership or interest. *See* TEX. PROP. CODE ANN. §§ 21.019–.0195; *see also*

---

[5] Although HCID does not claim property ownership, nor is there evidence in the record to suggest HCID has a right or interest in the subject property, it argues that the State "constructively conceded ownership" in its pursuance of a condemnation action against HCID. HCID's argument is based on the State's original petition for condemnation, which was superseded by the State's first amended petition for condemnation. The latter removed any claim of property ownership by HCID. It is well-established that although the pleadings in a case are regarded as judicial admissions, they cease to be admissions if they are abandoned, superseded, or amended. *See Kirk v. Head*, 152 S.W.2d 726, 729 (1941), *superseded on other grounds by* TEX. R. EVID. 801(e)(2), *as recognized in Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007); *see also Pollok v. Pollok*, No. 04-16-00029-CV, 2016 WL 5398907, at *3 (Tex. App.—San Antonio Sept. 28, 2016, no pet.) (mem. op.). Therefore, any alleged "admission" or "concession" of HCID's ownership made in the State's original petition, and absent in the amended petition, no longer exists.

*FKM P'ship,* 255 S.W.3d at 637; *Urban Wilderness*, 924 S.W.2d at 412 ("Our duty is to construe the statute as written by the legislature, not to edit or amend it."); *State v. First Interstate Bank of Tex., N.A.*, 880 S.W.2d 427, 430 (Tex. App.—Austin 1994, writ denied) (holding that a mortgagee was not "property owner" for purposes of a condemnation statute analysis).

We hold that HCID, absent ownership, is not entitled to attorney's fees under §§ 21.019 and 21.0195 of the Texas Property Code. *See* TEX. PROP. CODE ANN. §§ 21.019-.0195. Additionally, barring waiver of immunity, the State retains its immunity from HCID's monetary claims, and the trial court lacked jurisdiction to award HCID attorney's fees. *See* TEX. GOV'T CODE ANN. § 311.034; *Tex. Dep't of Parks,* 133 S.W.3d at 225; *Ochoa,* 413 S.W.3d at 774. The State's sole issue on appeal is sustained.

## IV. CONCLUSION

The trial court's judgment is reversed, and we render judgment denying HCID's motion for recovery of attorney's fees and other expenses.

GREGORY T. PERKES
Justice

Delivered and filed the
6th day of June, 2019.

8