COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| STATE OFFICE OF RISK MANAGEMENT, | § | No. 08-08-00307-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 327th District Court |
| | § | |
| MAE DAVIS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2007-3271) |
| | § | |

**O P I N I O N**

The State Office of Risk Management (SORM) appeals the trial court's award of attorney's

fees, stemming from the jury's verdict in favor of Mae Davis.[1]  We conclude the trial court erred by

ordering SORM to pay Davis's attorney's fees, and therefore, we modify the trial court's judgment

to delete the award of attorney's fees, and affirm the judgment as modified.

**BACKGROUND**

On November 30, 1999, Mae Davis was injured on the job while employed as a nurse with

the El Paso State Center.  As a result of that injury, she sought supplemental income benefits from

SORM, the agency that administers her worker's compensation claims, and was awarded the same

for thirteen consecutive quarters.  However, a benefits review conference was held for Davis's

entitlement to supplemental income benefits for the fourteenth, fifteenth, sixteenth, and seventeenth

---

[1]  SORM's original brief also challenged the trial court's assessment of court costs; however, prior to submission on oral argument, SORM filed a motion to sever and dismiss that issue from its brief.  The Clerk of this Court asked for a response from Davis, and Davis informed this Court that she did not oppose the motion. Accordingly, we grant SORM's motion to sever its court-costs issue and dismiss that issue from this appeal.  *See* TEX. R. APP. P. 42.1(b) (allowing appellate court to dispose of severable portion of proceeding under Rule 42.1(a) if doing so will not prejudice remaining parties).

quarters. When the parties were unable to reach an agreement, a contested hearing was held on April 23, 2007, before the Texas Workers' Compensation Commission ("TWCC"). The hearing officer determined that Davis was not entitled to supplemental income benefits for those quarters, and the TWCC Appeals Panel affirmed that decision. Davis then filed suit in district court seeking judicial review of the decision. In so doing, Davis sought attorney's fees. SORM answered, pled sovereign immunity, and specially excepted to Davis's request for attorney's fees. The trial court denied SORM's special exception, and after a jury found Davis was entitled to supplemental income benefits for the complained-of quarters and awarded her attorney's fees, the court entered judgment accordingly.

## DISCUSSION

On appeal, SORM contends, in a single issue, that the trial court erred by awarding attorney's fees to Davis absent an express waiver of sovereign immunity for the same. We agree.

*Applicable Law*

*A. Sovereign Immunity*

Sovereign immunity consists of two components: (1) immunity from liability, and (2) immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). While immunity from suit defeats a trial court's subject-matter jurisdiction, *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999), immunity from liability protects the State from monetary judgments. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). The legislature, however, may waive or abrogate sovereign immunity through clear and unambiguous statutory language. *Tooke*, 197 S.W.3d at 332; TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2009) ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the

waiver is effected by clear and unambiguous language.").

## B. Attorney's Fees

Attorney's fees are not recoverable unless such recovery is provided for by statute or by contract between the parties. *See Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996); *Rodriguez v. Ysleta Independent School Dist.*, 68 S.W.3d 699, 700 (Tex. App.–El Paso 2001, pet. denied). As no contract existed between the parties, we limit our review to the statutory context. "In civil cases, the statute in question must expressly provide for the attorney's fees." *Rodriguez*, 68 S.W.3d at 700 (citing *Mayfield*, 923 S.W.2d at 593). Whether a statute authorizes an award of attorney's fees is a question of law. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex. 1999).

### Application of the Law to the Facts

Initially, we note that as SORM administers a workers' compensation insurance program for government employees, it is treated as an "insurer" under the Labor Code. *See* TEX. LAB. CODE ANN. § 412.011(a) (Vernon Supp. 2009); TEX. LAB. CODE ANN. § 501.002(c) (Vernon 2006) (stating that for the purpose of applying Chapter 408, other than sections 408.001(b) and (c), "insurer" means "state" or "state agency"). Therefore, under Section 408.147, "[i]f an insurance carrier disputes the commissioner's determination that an employee is entitled to supplemental income benefits or the amount of supplemental income benefits due and the employee prevails on any disputed issue, the insurance carrier is liable for reasonable and necessary attorney's fees incurred by the employee as a result of the insurance carrier's dispute . . . ." *Id*. at § 408.147(c) (Vernon 2006). However, Section 501.002(d) limits a state agency's liability under the Labor Code to only those actions and damages authorized by the Texas Tort Claims Act. *Id*. at § 501.002(d). And the Texas Tort Claims Act does not expressly provide for the recovery of attorney's fees. *See Texas Education Agency v.*

*Leeper*, 893 S.W.2d 432, 448 (Tex. 1994) (Gonzalez, J., concurring in part and dissenting in part); *City of Waco v. Hester*, 805 S.W.2d 807, 820 (Tex. App.–Waco 1990, writ denied); *Ramirez v. Dietz*, No. 07-04-0108-CV, 2006 WL 507947, at *2 (Tex. App.–Amarillo Mar. 1, 2006, no pet.) (mem. op., not designated for publication).  Accordingly, we do not believe that the legislature has expressly waived SORM's sovereign immunity for attorney's fees under the Labor Code.  *See, e.g., Holland*, 1 S.W.3d at 95; *Stephens v. Dallas Area Rapid Transit*, 50 S.W.3d 621, 631 (Tex. App.–Dallas 2001, pet. denied) (cases holding attorney's fees not recoverable from worker's compensation discrimination suit when there was no statutory provision specifically providing for recovery of attorney's fees).

## CONCLUSION

Finding the trial court erred by awarding Davis attorney's fees, we sustain SORM's sole issue.  Therefore, we reform the trial court's judgment to delete the award of attorney's fees and affirm the judgment as reformed.

GUADALUPE RIVERA, Justice

May 19, 2010

Before McClure, J., Rivera, J., and Guaderrama, Judge
Guaderrama, Judge, sitting by assignment