Opinion issued March 26, 2015



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00244-CV

————————————

**UNIVERSITY OF TEXAS SYSTEM, Appellant**

**V.**

**LETITIA THOMAS, Appellee**

On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Case No. 12-CV-0982

## O P I N I O N

In this workers' compensation case, the University of Texas System ("UT")

sought judicial review of an order from the Texas Department of Insurance—

Division of Workers' Compensation ("the Division") finding that Letitia Thomas,

an employee of the University of Texas Medical Branch ("UTMB"), suffered a compensable injury on July 22, 2011. The parties stipulated to the underlying facts and filed cross-motions for summary judgment, disputing whether Thomas's injury occurred during the course and scope of her employment. The trial court denied UT's summary judgment motion and granted Thomas's summary judgment motion. In two issues, UT contends that the trial court erred by (1) denying its motion for summary judgment, and (2) granting Thomas's summary judgment motion. Thomas moves to dismiss the appeal for lack of jurisdiction, contending that the trial court's judgment is void because UT failed to send a statutorily-required proposed judgment to the Division before the trial court entered judgment.

We dismiss the appeal for lack of jurisdiction.

## Background

The parties stipulated to the underlying facts relevant to Thomas's injury.

UTMB employed Thomas as a customer service representative, which involved, among other duties, scheduling medical appointments for inmates. Her position did not require her to drive or park automobiles.

On the morning of July 22, 2011, Thomas parked her car in a parking lot owned and controlled by UTMB at 4th Street and Winnie Street in Galveston. Only employees, patients, and visitors of UTMB could park in this parking lot, and because Thomas was an employee of UTMB, she could park there for free.

2

Thomas was not required to park in this particular parking lot. UTMB owned multiple lots in the area at which Thomas could park for free, and she could also park in lots not owned or operated by UTMB, although she would have had to pay to park in those lots.

After parking her car, Thomas boarded a shuttle bus to take her to the building where she worked. The shuttle bus was owned, operated, and maintained by the City of Galveston, *d/b/a* Island Transit, which had executed an interlocal agreement with UTMB to provide free transportation to UTMB employees from the parking lot "only to locations on UTMB's campus." UTMB did not own, operate, or maintain the shuttle bus. Thomas, as a UTMB employee, was able to ride the shuttle bus for free "to get to and from her work location" even if she did not park in a UTMB-owned parking lot.

After picking up Thomas, the shuttle bus traveled approximately 1.7 miles along public streets to a bus stop in front of the John Sealy Towers. Thomas worked in a building located several hundred yards away from the bus stop. Before she stepped off of the shuttle bus, Thomas slipped and fell on the stairs located inside the front of the bus. At the time she fell, Thomas was not yet on UTMB's premises, she had not yet "clocked in" to begin work for the day, she "had not yet arrived at her duty station," and she "was not engaged in any work duties." Thomas stayed on the shuttle bus and returned to her car at one of the

UTMB employee parking lots. Thomas ultimately had surgery on her left leg after the incident.

Thomas and UT, which provides workers' compensation insurance for UTMB, engaged in an administrative dispute before the Division concerning whether Thomas had sustained a compensable injury as defined by the Texas Workers' Compensation Act ("the Act"). After a contested case hearing, a Division hearing officer determined that Thomas was in the course and scope of her employment at the time of her injury and ordered UT to pay benefits to Thomas. UT sought judicial review of the Division's determination in the district court. In the district court, Thomas asserted a counterclaim for attorney's fees pursuant to Labor Code section 408.221(c).

UT and Thomas filed cross motions for summary judgment solely on the legal question of whether Thomas sustained a compensable injury. UT argued that because Thomas's injury occurred while she was traveling to work, her injury did not originate in UTMB's business and therefore did not fall within the statutory definition of "course and scope of employment," which is required for an injury to be compensable. UT argued that UTMB did not require Thomas to use its free parking lots or the shuttle bus, UTMB did not own or operate the shuttle bus, and Thomas was not performing any job duties while on the shuttle bus. It argued that Thomas's injuries "did not relate to or originate in *and* occur in the furtherance of

4

UTMB's business," as required in order to occur in the "course and scope of employment."

Thomas, in her summary judgment motion, argued that her travel to work, under the circumstances of this case, fell within the definition of "course and scope of employment" because UTMB provided free parking and free use of the shuttle bus on which her injury occurred.

The trial court issued an order denying UT's summary judgment motion and granting Thomas's summary judgment motion. This appeal followed.

**Appellate Jurisdiction**

In her appellate brief, Thomas argues that this Court lacks jurisdiction over this appeal for two reasons: (1) the trial court's summary judgment order did not address her counterclaim against UT for attorney's fees and costs, and thus the order was not a final and appealable judgment, and (2) UT did not submit a proposed final judgment to the Division for review pursuant to Labor Code section 410.258, and, therefore, the trial court's judgment is void.

*A. Attorney's Fees*

UT is a "self-insured state institution." *Univ. of Tex. Sys. v. Ochoa*, 413 S.W.3d 769, 770 (Tex. App.—Austin 2012, pet. denied); *Harry v. Univ. of Tex. Sys.*, 878 S.W.2d 342, 343 (Tex. App.—El Paso 1994, no writ). The Texas Supreme Court has held that political subdivisions retain their governmental

5

immunity from claims for attorney's fees in workers' compensation cases. *See Manbeck v. Austin Indep. Sch. Dist.*, 381 S.W.3d 528, 530–33 (Tex. 2012) (per curiam). The Austin Court of Appeals extended the rationale of the Texas Supreme Court in *Manbeck*, which involved a school district's governmental immunity, to state agencies such as UT and held that sovereign immunity bars a workers' compensation claim for attorney's fees against state agencies. *Ochoa*, 413 S.W.3d at 773–74; *see also* TEX. LABOR CODE ANN. § 503.002(c) (Vernon 2006) ("Neither this chapter nor [the Act] authorizes a cause of action or damages against the [University of Texas] system or any institution or employee of the system or institution beyond the actions and damages authorized by [the Texas Tort Claims Act]."); *State Office of Risk Mgmt. v. Davis*, 315 S.W.3d 152, 154 (Tex. App.—El Paso 2010, pet. denied) (holding that Labor Code section 501.002(d) limits state agencies' liability to only actions and damages authorized by Texas Tort Claims Act, which does not expressly provide for recovery of attorney's fees, and therefore holding that Legislature has not expressly waived state agencies' sovereign immunity for attorney's fees in workers' compensation cases). The Austin Court of Appeals also concluded that UT's decision to seek judicial review of the Division's workers' compensation determination did not waive its sovereign immunity from a claim for attorney's fees. *Ochoa*, 413 S.W.3d at 774.

We therefore conclude that, pursuant to *Manbeck* and *Ochoa*, UT, as a state agency, retains its sovereign immunity from Thomas's claim for attorney's fees in this workers' compensation case. Thus, because UT is immune from such a claim, the trial court lacked jurisdiction over Thomas's claim for attorney's fees, and the court's failure to address the attorney's fees claim in its summary judgment order did not render the order interlocutory and unappealable. *See Davis*, 315 S.W.3d at 153 (noting that sovereign immunity from suit defeats trial court's subject matter jurisdiction).

### B. Proposed Judgment to Division

Thomas also argues that this Court lacks appellate jurisdiction because UT did not submit a proposed final judgment to the Division pursuant to Labor Code section 410.258 prior to the trial court's signing of the summary judgment order.

Section 410.258(a) provides:

> The party who initiated a proceeding under this subchapter [providing for judicial review of Division determinations] or Subchapter G must file any proposed judgment or settlement made by the parties to the proceeding, including a proposed default judgment, with the division not later than the 30th day before the date on which the court is scheduled to enter the judgment or approve the settlement. The proposed judgment or settlement must be mailed to the division by certified mail, return receipt requested.

TEX. LABOR CODE ANN. § 410.258(a) (Vernon 2006). Section 410.258 also gives the Division the right to intervene in a judicial review proceeding. *See id.* § 410.258(b)–(e). Finally, section 410.258(f) provides, "A judgment entered or

7

settlement approved without complying with the requirements of this section is void." *Id.* § 410.258(f).

The intermediate courts of appeals are split on the issue of whether the failure of a party to file a proposed judgment with the Division in a summary judgment proceeding renders the ultimate trial court judgment void.

In *Texas Property & Casualty Insurance Guaranty Ass'n for Petroinsurance Casualty Co. v. Brooks*, the Austin Court of Appeals held that the Legislature intended for section 410.258 to address "judgments prepared and proposed by the parties—i.e. 'made by the parties'—to avoid collusion between them without the Division's knowledge." 269 S.W.3d 645, 650 (Tex. App.—Austin 2008, no pet.) The court held that placing the burden of submitting a proposed judgment to the Division on the party who initiated the judicial review proceeding "does not make sense in the context of a judgment entered after fully adversarial proceedings . . . ." *Id.* The court thus concluded that section 410.258 requires the parties to notify the Division only of proposed judgments "'made by the parties'—i.e. without judicial oversight or without fully adversarial proceedings" and "settlement agreements made by the parties." *Id.* In *Brooks*, the Austin court noted that there was no evidence that the trial court based its summary judgment ruling on an agreement made or proposed by the parties. *Id.* at 651. Instead, the record reflected that the trial court entered judgment based on the evaluation of cross motions for summary

8

judgment and that the court entered judgment after "fully adversarial proceedings and without threat of collusion between the parties that could potentially distort the result." *Id.* The court held that because the trial court's judgment was not "'made by the parties' as contemplated by section 410.258," the insurer's failure to comply with that section did not render the summary judgment void. *Id.*; *see also State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 426–27 (Tex. App.—Corpus Christi 2011, pet. denied) (noting that Austin court's construction of section 410.258 "avoids the potentially wrongful manipulation of the appellate process, whereby, for instance, a party receiving an adverse judgment, such as SORM in the instant case, could sit on the judgment indefinitely, without paying it and without submitting it to the workers' compensation division, while waiting for a more favorable development in the law"); *Clewis v. Safeco Ins. Co. of Am.*, 287 S.W.3d 197, 202 (Tex. App.—Fort Worth 2009, no pet.) ("[W]e agree with the Austin court that section 410.258 applies only to judgments resulting from defaults or parties' agreements or settlements.").

In *Insurance Co. of the State of Pennsylvania v. Martinez*, however, the El Paso Court of Appeals noted that section 410.258 has two purposes: (1) to prevent the use of settlement agreements and default judgments to overturn decisions of the Division, and (2) to ensure that the Division "has notice and an opportunity to intervene in a workers' compensation lawsuit to explain why a judgment or

settlement should not be approved by a court." 18 S.W.3d 844, 847–48 (Tex. App.—El Paso 2000, no pet.). The court held that section 410.258 "is both mandatory and jurisdictional" and that, because the insurance carrier in that case did not comply with section 410.258, the trial court's summary judgment was void and the appellate court lacked jurisdiction to hear the merits of the insurance carrier's appeal. *Id.* at 848.

This Court followed the El Paso Court of Appeals in *Metropolitan Transit Authority v. Jackson* and held that "[c]ompliance with section 410.258 is both mandatory and jurisdictional, and failure to give the required notice renders a judgment void." 212 S.W.3d 797, 800–01 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). We noted that the language of section 410.258(f) "clearly provided a consequence for the failure to comply": any judgment rendered before the party that initiated the judicial review proceeding provided the statutorily-required notice to the Division is void. *Id.* at 801. "Put simply," we held, "unless a party complies with section 410.258(f), the trial court has no power to award relief." *Id.*

In *Jackson*, the parties engaged in post-verdict negotiations regarding the amount of attorney's fees. *Id.* at 799. This led the Austin Court of Appeals in *Brooks* to hold that its decision did not conflict with *Jackson* because the situation in *Jackson* was one "where the parties agreed upon a result and submitted a proposed judgment to the trial court for approval. It was a judgment made and

proposed by the parties. The fact that it was proposed post-verdict does not affect the analysis." *Brooks*, 269 S.W.3d at 651.

This Court, however, reaffirmed *Jackson*'s principal holding that section 410.258 is mandatory and jurisdictional in all cases in *Southern Insurance Co. v. Brewster*, 249 S.W.3d 6 (Tex. App.—Houston [1st Dist.] 2007, pet. denied), which involved a fully-adversarial summary judgment proceeding and did not involve a negotiated judgment. In *Brewster*, we stated, "[W]hen a trial court renders judgment without compliance with section 410.258(a), the judgment is a legal nullity."[1]  *Id.* at 13. This Court's precedent thus establishes that, regardless of whether the trial court renders judgment after an adversarial proceeding such as a summary judgment, the party initiating judicial review of the Division's decision must send notice of the proposed judgment to the Division pursuant to section 410.258 or the trial court's judgment is void.

Here, UT, as the party that filed the suit for judicial review of the Division's administrative decision in the district court, is "[t]he party who initiated a

---

[1]  In *Brewster*, this Court denied the claimant's motion to dismiss the appeal, holding that the appellate record did not establish that the trial court's judgment was void. *S. Ins. Co. v. Brewster*, 249 S.W.3d 6, 13–14 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). The trial court judgment in that case contained recitals that a copy of the proposed judgment had been sent to the Division pursuant to section 410.258, and the claimant could not point to any evidence in the appellate record that those recitals were incorrect. *Id.* at 13–14. The face of the judgment therefore reflected compliance with section 410.258(a). *Id.* at 13. Here, the trial court's order granting Thomas's summary judgment motion and denying UT's motion does not show that UT had given notice of the proposed judgment to the Division prior to its entry.

11

proceeding" pursuant to section 410.258(a) and is therefore subject to its requirements. *See* TEX. LABOR CODE ANN. § 410.258(a) (providing that "party who initiated a proceeding" for judicial review must file proposed judgment with Division not later than thirtieth day before date on which trial court is scheduled to enter judgment). UT concedes that it did not send the notice required by section 410.258(a) to the Division prior to the trial court entering judgment. Because it did not comply with the statutory notice requirements, we hold that the trial court's judgment is void, and we dismiss the appeal for lack of jurisdiction. *See Johnson v. Ventling*, 132 S.W.3d 173, 179 (Tex. App.—Corpus Christi 2004, no pet.) ("We may declare the judgment void and dismiss for lack of jurisdiction. . . . Our jurisdiction extends no further than that of the court from which the appeal is taken.").

## Conclusion

We dismiss the appeal for lack of appellate jurisdiction.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Brown.