Opinion issued September 24, 2019



In The

# Court of Appeals

For The

## First District of Texas

—————————————

### NO. 01-18-01070-CV

—————————————

## ISAIAS IVAN GARCIA MARTINEZ, Appellant

## V.

## KANGA PARK, INC., Appellee

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1122104**

---

## MEMORANDUM OPINION

The county court entered an order denying Isaias Ivan Garcia Martinez's appeal from a judgment of eviction on the basis that he did not timely perfect his appeal and the court therefore lacked jurisdiction to hear the appeal. Because we

agree that Martinez did not timely perfect his appeal from the underlying judgment of eviction, we do not have jurisdiction to hear this appeal and therefore dismiss it.

## BACKGROUND

Kanga Park, Inc. filed an eviction suit in justice court against its tenant, Martinez, alleging that he failed to pay his rent and refused to vacate the premises. After a trial, the justice court rendered a judgment in Kanga Park's favor. The justice court set Martinez's appeal bond at $7,862.

Martinez appealed from the adverse judgment to the county court. In lieu of an appeal bond or cash deposit, he filed in the justice court a statement of his inability to afford an appeal bond or to make a cash deposit.

Kanga Park contested Martinez's statement of inability. After a hearing, the justice court sustained Kanga Park's contest and ordered Martinez to file an appeal bond or make a cash deposit in lieu of bond within 5 days. Martinez appealed from this ruling to the county court. The county court likewise sustained Kanga Park's contest but reduced the amount of Martinez's appeal bond to $1,000.

Kanga Park objected to the reduction in the bond amount and scheduled an emergency hearing on the matter. But Kanga Park ultimately decided not to pursue this objection and passed the hearing. The county court never ruled on Kanga Park's objection.

2

Two days after the county court issued its order reducing the bond amount and one day after the emergency hearing had been scheduled to take place, Martinez deposited $1,000 into the registry of the justice court, which sent the case file to the county court to hear Martinez's appeal from the adverse judgment rendered in the eviction suit. After a hearing, however, the county court denied Martinez's appeal on the basis that he had not timely perfected his appeal and the county court therefore lacked jurisdiction to hear it.

Martinez now appeals from the county court's order denying his appeal.

## DISCUSSION

### *Standard of Review*

The county court ruled that it lacked jurisdiction to hear Martinez's appeal because he did not timely perfect it. The existence of jurisdiction to hear an appeal is a legal question, which we review de novo. *Pichini v. Fed. Nat'l Mortg. Ass'n*, 569 S.W.3d 192, 193 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

### *Applicable Law*

A suit for eviction must be filed in justice court. TEX. PROP. CODE § 24.004(a).

A party may appeal from a judgment of eviction by filing an appeal bond, making a cash deposit, or filing a statement of inability to afford a bond or deposit in the justice court. TEX. R. CIV. P. 510.9(a). The appealing party must do so within five days after the eviction judgment is signed by the justice court in order to perfect

3

the appeal. TEX. R. CIV. P. 510.9(a), (c)(1), (f). If the appeal is timely perfected, the county court will try the eviction suit de novo. TEX. R. CIV. P. 510.10(c).

An opposing party may contest a statement of inability to afford a bond or deposit. TEX. R. CIV. P. 510.9(c)(2). If the justice court sustains the contest, the appealing party may appeal from the decision sustaining the contest to the county court, which will hear the contest de novo. TEX. R. CIV. P. 510.9(c)(3). If the county court likewise sustains the contest, then the appealing party "may, within one business day, post an appeal bond or make a cash deposit." TEX. R. CIV. P. 510.9(c)(4).

The appellate deadlines as to justice-court judgments cannot be extended. TEX. R. CIV. P. 500.5(c), 510.2. They are jurisdictional. *Pichini*, 569 S.W.3d at 194.

### *Analysis*

The county court sustained Kanga Park's contest of Martinez's statement of inability to afford an appeal bond or cash deposit. Once the county court did so, Martinez was required to file an appeal bond or deposit cash into the justice court's registry in lieu of a bond within one business day in order to perfect his appeal. TEX. R. CIV. P. 510.9(c)(4). It is undisputed that Martinez did not meet this deadline.

While Rule 510.9(c)(4) provides that an appealing party "may, within one business day, post an appeal bond or make a cash deposit," this provision is mandatory. Its use of "may" must be read in the context of Rule 510.9(a), which

4

generally requires the bond or deposit "within 5 days after the judgment is signed." In other words, Rule 510.9(c)(4) grants an appealing party permission to file his appeal bond or make a cash deposit by a specified deadline later than the one that otherwise applies in cases not involving a contest of a statement of inability to afford bond or deposit.[1] Because Martinez did not meet Rule 510.9(c)(4)'s deadline, he did not timely appeal.

Martinez contends that his deadline to file an appeal bond or make a cash deposit instead ran from the date set for the emergency hearing on Kanga Park's objection to the reduction in the bond amount ordered by the county court. Because he deposited cash in the registry of the justice court within one day of the date scheduled for the emergency hearing, Martinez argues, he timely appealed.

Martinez does not cite any authority in support of this contention, and we have not located any. His position conflicts with the deadline expressly set forth in Rule 510.9(c)(4), which requires an appeal bond or cash deposit "within one business

---

[1] "May" can be interpreted as "shall" when the context in which it appears necessarily requires this interpretation. *See Dallas Cty. Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 874 (Tex. 2005) The context in which "may" appears in Rule 510.9(c)(4) necessarily requires one to interpret it as a mandatory deadline. To interpret the rule otherwise would be to interpret the five-day deadline in subsection (a) as mandatory but the one-day deadline in subsection (c)(4), which merely operates to extend the five-day deadline under particular circumstances, as non-mandatory. "May" is permissive in this context only in the sense that subsection (c)(4) permits an appealing party to file a bond or make a cash deposit later than usual to perfect his appeal.

day" when "the county court denies the appeal." We therefore reject Martinez's contention that his deadline ran from the date on which the never-held emergency hearing on Kanga Park's objection to the bond reduction was scheduled.

## CONCLUSION

The county court correctly held that it lacked jurisdiction to hear Martinez's appeal because he did not timely perfect it. Our appellate jurisdiction extends no further than that of the county court from which this appeal is taken. *Univ. of Tex. Sys. v. Thomas*, 464 S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.] 2015, no pet.). We therefore dismiss Martinez's appeal for lack of jurisdiction. *See id.*

 

 

Gordon Goodman
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.

6