**Opinion issued September 16, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-01006-CV

———————————

## HARRIS COUNTY (SELF-INSURED), Appellant

## V.

## LEVENT DOGAN, Appellee

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-14504**

---

## MEMORANDUM OPINION

This is an appeal in a workers' compensation case. Appellee Levent Dogan

suffered a heart attack while training to be a Harris County Sheriff's Office deputy.

He sought workers' compensation benefits, but a hearing officer and an

administrative appeals panel found that his heart attack was not compensable and

that he had no disability. Dogan sought judicial review in the district court, and a jury found that he did have a compensable heart attack. The trial court entered judgment in Dogan's favor, finding that he sustained a compensable injury in the form of a heart attack and that he was disabled from March 10, 2016 to July 10, 2016. Harris County appealed.

On appeal, Harris County argues that (1) the court erred by entering judgment that Dogan suffered a disability because he did not request a jury question on disability and none was submitted to the jury; (2) the court erred by submitting a liability question asking whether Dogan suffered an "injury"; and (3) the judgment is void because Dogan did not comply with a statutory requirement to file a copy of the proposed judgment with the Division of Workers' Compensation (the "Division") prior to entry.

We conclude that Dogan's failure to timely file with the Division the proposed judgment that was actually signed by the court rendered the trial court's judgment void. We dismiss this appeal for want of jurisdiction.

## Background

On March 9, 2016, Dogan suffered a heart attack after running a mile as part of his training to become a Harris County Sheriff's Office deputy. He was taken by ambulance to an emergency room, and later, he underwent heart catheterization and the placement of four stents.

Dogan filed a claim for workers' compensation. The parties failed to resolve disputed issues at a benefits review conference, and a contested case hearing was held, specifically addressing whether Dogan's heart attack was a result of the natural progression of underlying disease or was caused by the physical stress and exertion during the work-related training exercises. The hearing officer found the following facts:

. . . .

3.   [Dogan's] heart attack was not caused by a specific event occurring in the course and scope of his employment with Harris County as a corrections officer.

4.   The preponderance of the medical evidence regarding the heart attack indicates that [Dogan's] work was not a substantial contributing factor of the attack.

5.   The preponderance of the medical evidence regarding the heart attack indicates that [Dogan's] heart attack was a result of a pre-existing condition and the natural progression of that pre-existing condition.

6.   The heart attack of March 9, 2016 was a cause of [Dogan's] inability to obtain and retain employment at wages equivalent to his preinjury wage during the period in dispute, from March 10, 2016 through July 10, 2016, but at no other times through the date of the contested case hearing in this matter.

The hearing officer concluded that: (1) Dogan "did not sustain a compensable heart attack on March 9, 2016," and (2) "[b]ecause the claimed injury is not compensable, [Dogan] had no disability."

3

The appeals panel adopted the hearing officer's decision and order, and Dogan filed a lawsuit seeking judicial review. Dogan challenged the conclusions that his "injury was not compensable and that he had no disability." He challenged the determinations that "he did not sustain a compensable heart attack on March 9, 2016 and a follow-on injury on March 15, 2016" and that "he did not sustain disability." A jury found that Dogan had sustained a compensable heart attack and received an injury in the course and scope of his employment with Harris County.

On August 30, 3019, Dogan moved for entry of judgment on the verdict and attached a proposed final judgment. He served the motion and proposed final judgment on the General Counsel for the Texas Department of Insurance, Division of Workers' Compensation ("the Division") by certified mail, return receipt requested. On September 23, 2019, Dogan requested that the trial court make findings of fact and conclusions of law and filed a second, revised proposed final judgment, which was served on the Division seven days before the trial court entered judgment.

The trial court entered findings of fact and conclusions of law regarding disability and based on the hearing officer's report. On September 30, 2019, the trial court entered final judgment that Dogan sustained a compensable injury in the form of a heart attack and that he was disabled from March 10, 2016 to July 10, 2016. Harris County appealed.

4

**Analysis**

Harris County raises three issues on appeal, but we focus on its third issue, which is dispositive. In its third issue, Harris County argues that the trial court's judgment is entirely void because Dogan failed to provide the Division of Workers' Compensation a copy of the proposed judgment prior to entry in compliance with the Labor Code. The Texas Labor Code provides:

> The party who initiated a proceeding under this subchapter [Subchapter F. Judicial Review—General Provisions] or Subchapter G [Subchapter G. Judicial Review of Issues Regarding Compensability or Income or Death Benefits] must file **any proposed judgment or settlement**, including a proposed default judgment or proposed agreed judgment, with the [D]ivision not later than the 30th day before the date on which the court is scheduled to enter the judgment or approve the settlement.

TEX. LABOR CODE § 410.258(a) (emphasis added). "Division" means the "division of workers' compensation of the department," and "department" means "the Texas Department of Insurance." TEX. LABOR CODE § 401.011(13-a) (department); *id.* § 401.011(16-a) (division). Section 410.258 "gives the Division the right to intervene in a judicial review proceeding." *Univ. of Tex. Sys. v. Thomas*, 464 S.W.3d 754, 758 (Tex. App.—Houston [1st Dist.] 2015, no pet.). Section 410.258(f) provides: "A judgment entered or settlement approved without complying with the requirements of this section is void." TEX. LABOR CODE § 410.258(f).

Some courts of appeals have held that the notice requirement in section 410.258 does not apply to judgments entered after fully adversarial proceedings,

such as contested summary-judgment motions or a trial. *See, e.g.*, *Ace Am. Ins. Co. v. Elmer*, No. 05-19-00386-CV, 2020 WL 5525181, at *4 (Tex. App.—Dallas Sept. 15, 2020, pet. denied) (mem. op.); *Clewis v. Safeco Ins. Co. of America*, 287 S.W.3d 197, 202–03 (Tex. App.—Fort Worth 2009, no pet.); *Tex. Property & Casualty Ins. Guaranty Ass'n for Petroinsurance Casualty Co. v. Brooks*, 269 S.W.3d 645, 650 (Tex. App.—Austin 2008, no pet.). However, this court has held that compliance with the notice provision of section 410.258 "is both mandatory and jurisdictional, and failure to give the required notice renders a judgment void." *Metro. Transit Auth. v. Jackson*, 212 S.W.3d 797, 800–01 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). We have held that the notice requirement applies "in all cases" and that "regardless of whether the trial court renders judgment after an adversarial proceeding . . . the party initiating judicial review of the Division's decision must send notice of the proposed judgment to the Division pursuant to section 410.258 or the trial court's judgment is void." *Thomas*, 464 S.W.3d at 759.

Dogan sent the Division notice of the first proposed judgment he filed on August 30, 2019, and he sent the Division notice of his second, revised proposed judgment on September 23, 2019. The trial court signed the second, revised proposed judgment on September 30, 2019. Although Dogan served both proposed judgments with the Division, he failed to timely file the proposed judgment that was actually signed by the court by serving it a mere seven days—not 30 days—before

6

the date on which the court was scheduled to enter judgment. Because Dogan did not comply with section 410.258(a)'s mandatory and jurisdictional notice requirement, we hold that the judgment is void. We sustain Harris County's third issue. *See* TEX. LABOR CODE § 410.258(a) (requiring "any" proposed judgment to be filed with the Division); *Thomas*, 464 S.W.3d at 759 (failure to comply with statute renders trial court judgment void); *Jackson*, 212 S.W.3d at 800–01 (same; statute is mandatory and jurisdictional).

## Conclusion

We dismiss the appeal for lack of appellate jurisdiction. *See Thomas*, 464 S.W.3d at 760; *Jackson*, 212 S.W.3d at 799 ("[A] void judgment is a legal nullity, and the trial court retains plenary power to dispose of the case by rendering a valid final judgment.").

Peter Kelly
Justice

Panel consists of Justices Kelly, Landau, and Hightower.

7