**Opinion issued August 19, 2025.**



In the

# Court of Appeals

for the

# First District of Texas

_____

## NO. 01-23-00787-CV

_____

**CHRISTOPHER MITCHELL, Appellant**

**v.**

**NORTH EAST PINE VILLAGE HOME OWNER ASSOCIATION, Appellee**

---

**On Appeal from the Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1208793**

---

## MEMORANDUM OPINION

Pro se appellant Christopher Mitchell appeals from the judgment obtained by appellee Northeast Pine Village Home Owners Association (the HOA) in a forcible-detainer action. Mitchell argues that the judgment was void because the HOA lacked standing to pursue a forcible-detainer action. The HOA argues that

this Court lacks jurisdiction over Mitchell's appeal for reasons including that Mitchell did not timely perfect his appeal, and moves to dismiss Mitchell's appeal on that basis.

Because the county court lacked jurisdiction, meaning this Court also lacks jurisdiction, we vacate the county court's judgment and dismiss the case.

**Background**

Cynthia Kirston Newman and Judy Metz Schilling owned residential real property subject to the HOA. The HOA acquired the Newman-Schilling property at a foreclosure sale in 2018. In June 2023, the HOA filed a forcible-detainer action in a Harris County justice court to remove Newman and Schilling from the premises. On Thursday, June 22, 2023, the justice court awarded the HOA possession of the property. Six days later—on Wednesday, June 28, 2023— Schilling filed a notice of appeal to Harris County Civil Court at Law No. 3. *See* TEX. CIV. PRAC. & REM. CODE § 51.001(a) (stating that parties can generally appeal justice-court judgments to the county court); TEX. R. CIV. P. 510.9 (describing procedure for appeal from justice-court judgment in eviction suit).

Schilling died shortly before the county court heard her appeal. Mitchell appeared pro se in the county court proceeding by filing a motion to dismiss or, in the alternative, plea in abatement. Mitchell's submission included a plea to the

2

jurisdiction. At the bench trial on October 10, 2023,[1] Mitchell claimed an interest in the property formerly owned by Newman and Schilling under Schilling's will and based on his having allegedly lived with Schilling in the property and provided caregiving to Schilling for the last five years of Schilling's life. Mitchell stated that he was still living in the property. On October 16, 2023, the county court signed a final judgment stating that the HOA had possession of the property and giving all current occupants 10 days to vacate. On October 20, 2023, Mitchell filed a notice of appeal. The HOA's arguments include that this Court does not have subject-matter jurisdiction because neither Schilling nor Mitchell timely perfected an appeal from the justice court decision.

**Analysis**

An appeal from a justice court's judgment in a forcible-detainer action must be perfected within five days of the date the judgment was signed. TEX. R. CIV. P. 510.9(a), (f); *Mohammed v. D. 1050 W. Rankin, Inc.*, 464 S.W.3d 737, 743 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The five-day deadline is jurisdictional. *See Carrasco v. Morse*, No. 08-23-00341-CV, 2024 WL 4457243, at *1 (Tex. App.—El Paso Oct. 9, 2024, no pet.) (mem. op.) ("Failure to file a timely appeal

---

[1] An appeal from a justice court's forcible detainer judgment is to the county court, which does not sit as a true appellate court but instead conducts a "trial de novo," i.e., "a new trial in which the entire case is presented as if there had been no previous trial." TEX. R. CIV. P. 510.10(c). Once an appeal is perfected from a justice court to a county court at law for trial de novo, the judgment of the justice court is annulled and vacated. *Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 855 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

[under rule 510.9(a)] deprives the county court of jurisdiction over the de novo appeal, and deprives our court of jurisdiction over any subsequent judgment."); *Adams v. Ross*, No. 01-11-00098-CV, 2013 WL 1183297, at *3 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. denied) (mem. op.) (applying predecessor to rule 510.9(a) that required party seeking to appeal from final judgment in forcible detainer case to file bond within five days of judgment, holding that county court did not acquire jurisdiction over appeal filed by parties who did not meet rule's five-day deadline). Our appellate jurisdiction as to the merits of a case extends no further than that of the county court from which this appeal was taken. *Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958) ("It is well settled that the jurisdiction of the appellate court as to the merits of a case extends no further than that of the court from which the appeal is taken."); *see also Mills v. Warner Lambert Co.*, 157 S.W.3d 424, 426 (Tex. 2005) (quoting *Pearson*); *Univ. of Tex. Sys. v. Thomas*, 464 S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Johnson v. Ventling*, 132 S.W.3d 173, 179 (Tex. App.—Corpus Christi 2004, no pet.) (citing *Pearson*)).

Here, the only appeal to the county court was taken by Schilling, who filed her notice of appeal on June 28, 2023—six days after the justice court's June 22,

2023 judgment.[2] The county court thus never acquired jurisdiction over the only appeal that was filed from the justice court's judgment, and we do not have jurisdiction over Mitchell's appeal from the county court's judgment. *See Hernandez v. Nat'l Church Residences of Grand Prairie, TX*, No. 05-19-00705-CV, 2019 WL 4027081, at *1 (Tex. App.—Dallas Aug. 27, 2019, no pet.) (mem. op.) (setting aside county court's judgment and dismissing cause because pro se appellant filed appeal from justice court eviction judgment one day after rule 510.9(a)'s five-day deadline); *Milligan v. HP Tex. I LLC*, No. 05-18-01467-CV, 2019 WL 1284611, at *1 (Tex. App.—Dallas Mar. 19, 2019, no pet.) (mem. op.) (same); *Loud v. Swafford*, No. 05-17-00739-CV, 2017 WL 3668604, at *1-2 (Tex. App.—Dallas Aug. 25, 2017, no pet.) (mem. op.) (same); *Kellam v. Harbors & Plumtree*, No. 05-17-00443-CV, 2017 WL 3529156, at *1 (Tex. App.—Dallas Aug. 17, 2017, no pet.) (mem. op.) (same).

Because the county court also lacked jurisdiction, the proper remedy is to vacate the county court's judgment and dismiss the case for lack of jurisdiction. *Charles v. Invum Three, LLC*, No. 01-24-00128-CV, 2025 WL 1759014, at *5

---

[2] In *Mohammed*, we held that a delay in notice of the justice court's judgment can extend the timetable for filing an appeal bond. *Mohammed*, 464 S.W.3d at 743-44 ("the justice court rules presume as a fundamental matter of due process that the affected party had notice of the hearing and the judgment against it in time to perfect an appeal"). Here, appellant does not allege any delay in notice to Schilling, who appears from the record to have been present at the June 22, 2023 justice court trial.

(Tex. App.—Houston [1st Dist.] June 26, 2025, no pet. h.) (mem. op.) (citing *Riley v. Deanda*, 706 S.W.3d 578, 583-84 (Tex. App.—Houston [1st Dist.] 2024, no pet.)).

## Conclusion

We grant the HOA's motion to dismiss, vacate the October 16, 2023 judgment of Harris County Civil Court at Law No. 3, and dismiss the case for lack of jurisdiction.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Gunn, and Dokupil.