**Opinion issued August 26, 2025.**



In the

# Court of Appeals

for the

# First District of Texas

_____

## NO. 01-24-00108-CV

_____

**EMILY J. BARTLEY, Appellant**

v.

**NORTH EAST PINE VILLAGE HOME OWNERS ASSOCIATION, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1208770**

---

## MEMORANDUM OPINION

Pro se appellant Dr. Emily J. Bartley appeals from the judgment obtained by appellee Northeast Pine Village Home Owners Association (the HOA) in a forcible-detainer action. Dr. Bartley argues that the judgment was void because the HOA lacked standing to pursue a forcible-detainer action. The HOA argues that

this Court lacks jurisdiction over Dr. Bartley's appeal for reasons including that Dr. Bartley did not timely perfect her appeal, and moves to dismiss Dr. Bartley's appeal on that basis.

Because the county court lacked jurisdiction, meaning this Court also lacks jurisdiction, we vacate the county court's judgment and dismiss the case.

**Background**

Dr. Bartley was the owner and occupant of residential real property subject to the HOA. The HOA acquired the property at a foreclosure sale in 2018. In June 2023, the HOA filed a forcible-detainer action in a Harris County justice court to remove all occupants from the premises. On Thursday, June 22, 2023, the justice court awarded the HOA possession of the property. Six days later—on Wednesday, June 28, 2023—Dr. Bartley filed a notice of appeal to Harris County Civil Court at Law No. 3. *See* TEX. CIV. PRAC. & REM. CODE § 51.001(a) (stating that parties generally can appeal justice-court judgments to county court); TEX. R. CIV. P. 510.9 (describing procedure for appeal from justice-court judgment in eviction suit).

The county court scheduled a bench trial for September 25, 2023 but, on that date, the county court reset the trial for October 10, 2023 based on inadequate notice to Dr. Bartley, who had appeared pro se. The county court urged Dr. Bartley to retain counsel prior to the October trial date. On October 10, 2023, Dr. Bartley

2

appeared again without counsel, and the county court reset trial for October 16, 2023. On October 11, 2023, an attorney made an appearance in the case on Dr. Bartley's behalf. On October 16, 2023, Dr. Bartley's counsel sought a continuance of the trial to give him additional time to prepare. The county court then set the case for a jury trial on November 8, 2023.

When Dr. Bartley's counsel did not appear for docket call on November 7, 2023, the county court entered a default judgment in favor of the HOA. The county court awarded the HOA possession of the property and gave Dr. Bartley and all other occupants 10 days to vacate. Dr. Bartley's counsel filed a motion to reinstate—and, later, a motion to set aside the default judgment and a motion for new trial—arguing in part that Dr. Bartley's counsel had not received timely notice of the docket call. The record does not reference any hearing or order on those motions. On January 31, 2024, Dr. Bartley filed a notice of appeal from the November 7, 2023 default judgment. The HOA's arguments on appeal include that this Court does not have subject-matter jurisdiction because Dr. Bartley did not timely perfect an appeal from the justice court decision.

**Analysis**

An appeal from a justice court's judgment in a forcible-detainer action must be perfected within five days of the date the judgment was signed. TEX. R. CIV. P. 510.9(a), (f); *Mohammed v. D. 1050 W. Rankin, Inc.*, 464 S.W.3d 737, 742-43

3

(Tex. App.—Houston [1st Dist.] 2014, no pet.). The five-day deadline is jurisdictional. *See Carrasco v. Morse*, No. 08-23-00341-CV, 2024 WL 4457243, at *1 (Tex. App.—El Paso Oct. 9, 2024, no pet.) (mem. op.) ("Failure to file a timely appeal [under rule 510.9(a)] deprives the county court of jurisdiction over the de novo appeal, and deprives our court of jurisdiction over any subsequent judgment."); *Adams v. Ross*, No. 01-11-00098-CV, 2013 WL 1183297, at *2-*3 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. denied) (mem. op.) (applying predecessor to rule 510.9(a) that required party seeking to appeal from final judgment in forcible detainer case to file bond within five days of judgment, holding that county court did not acquire jurisdiction over appeal filed by parties who did not meet rule's five-day deadline). Our appellate jurisdiction as to the merits of a case extends no further than that of the county court from which this appeal was taken. *Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958) ("It is well settled that the jurisdiction of the appellate court as to the merits of a case extends no further than that of the court from which the appeal is taken."); *see also Mills v. Warner Lambert Co.*, 157 S.W.3d 424, 426 (Tex. 2005) (quoting *Pearson*); *Univ. of Tex. Sys. v. Thomas*, 464 S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Johnson v. Ventling*, 132 S.W.3d 173, 179 (Tex. App.—Corpus Christi 2004, no pet.) (citing *Pearson*)).

Here, Dr. Bartley filed her notice of appeal on June 28, 2023—six days after the justice court's June 22, 2023 judgment.[1] The county court thus never acquired jurisdiction over Dr. Bartley's appeal, and we do not have jurisdiction over Dr. Bartley's appeal from the county court's judgment. *See Hernandez v. Nat'l Church Residences of Grand Prairie, TX*, No. 05-19-00705-CV, 2019 WL 4027081, at *1 (Tex. App.—Dallas Aug. 27, 2019, no pet.) (mem. op.) (setting aside county court's judgment and dismissing cause because pro se appellant filed appeal from justice court eviction judgment one day after rule 510.9(a)'s five-day deadline); *Milligan v. HP Tex. I LLC*, No. 05-18-01467-CV, 2019 WL 1284611, at *1 (Tex. App.—Dallas Mar. 19, 2019, no pet.) (mem. op.) (same); *Loud v. Swafford*, No. 05-17-00739-CV, 2017 WL 3668604, at *1-2 (Tex. App.—Dallas Aug. 25, 2017, no pet.) (mem. op.) (same); *Kellam v. Harbors & Plumtree*, No. 05-17-00443-CV, 2017 WL 3529156, at *1 (Tex. App.—Dallas Aug. 17, 2017, no pet.) (mem. op.) (same).

Because the county court also lacked jurisdiction, the proper remedy is to vacate the county court's judgment and dismiss the case for lack of jurisdiction. *Charles v. Invum Three, LLC*, No. 01-24-00128-CV, 2025 WL 1759014, at *5

---

[1]    In *Mohammed*, we held that a delay in notice of the justice court's judgment can extend the timetable for filing an appeal bond. *Mohammed*, 464 S.W.3d at 743-44 ("the justice court rules presume as a fundamental matter of due process that the affected party had notice of the hearing and the judgment against it in time to perfect an appeal"). Here, Bartley does not allege any delay in notice of the justice court's judgment.

(Tex. App.—Houston [1st Dist.] June 26, 2025, no pet. h.) (mem. op.) (citing *Riley v. Deanda*, 706 S.W.3d 578, 583-84 (Tex. App.—Houston [1st Dist.] 2024, no pet.)).[2]

**Conclusion**

We grant the HOA's motion to dismiss, vacate the November 7, 2023 default judgment of Harris County Civil Court at Law No. 3, and dismiss the case for lack of jurisdiction.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Gunn, and Dokupil.

---

[2] While Dr. Bartley has not raised the issue on appeal, she argued in the county court that a title dispute deprived the court of subject-matter jurisdiction. *See Riley*, 706 S.W.3d at 582 ("To refute the jurisdiction of a justice court or county court to hear a forcible detainer suit on the basis of a title dispute, a defendant need only make factual allegations that amount to a claim of title ownership that is not patently ineffective under the law and is intertwined with the issue of immediate possession."). However, the existence of a title dispute does not deprive a court of jurisdiction over a forcible-detainer action unless the right to immediate possession necessarily requires the resolution of a title dispute. *Trimble v. Fed. Nat'l Mortgage Ass'n*, 516 S.W.3d 24, 28 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Dr. Bartley did not make that showing.